CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 0 4 2010

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KEVIN HARRISON, | ) |
| | ) |
| Petitioner, | ) Civil Action No. 7:09CV00466 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| GENE M. JOHNSON, | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Kevin Harrison, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Harrison challenges the validity of his convictions in the Circuit Court for the City of Bristol. The petition is presently before the court on the respondent's motion to dismiss. For the reasons set forth below, the court will grant the respondent's motion.

## Background

On May 22, 2007, a grand jury in the City of Bristol returned a two-count indictment against Harrison. Count One charged Harrison with possessing with intent to distribute cocaine, in violation of Virginia Code § 18.2-248. Count Two charged him with possessing with intent to distribute marijuana, in violation of Virginia Code § 18.2-248.1.

Both charges arose from events that occurred on August 30, 2006. On that date, officers with the local drug task force obtained a search warrant for an apartment that was the suspected location for drug trafficking. As the officers approached the apartment to execute the warrant, two individuals exited the apartment carrying large trash bags. The individuals placed the trash bags in the trunk of a car and left the premises. The vehicle was stopped by an officer with the

drug task force a short distance from the apartment, and Harrison was found to be a passenger in the vehicle. Harrison was patted down by the officer, who immediately felt what he believed to be a bag of cocaine in the petitioner's pocket. Upon searching Harrison's pockets, the officer retrieved a plastic bag containing a white powder substance, a plastic bag containing a greenish plant material, and $645 in cash. Subsequent laboratory testing revealed that the plastic bags contained over 58 grams of cocaine and 29.3 grams of marijuana, respectively.

W. Shawn McDaniel, Esq. was appointed to represent Harrison. On June 6, 2007, McDaniel filed a motion to suppress the drug evidence found on the plaintiff's person, on the basis that both the stop of the vehicle and the subsequent search of the petitioner's person were unlawful. The Circuit Court held a hearing on the motion on July 18, 2007, and by order entered that same date, the motion was summarily denied.

Following the denial of the suppression motion, Harrison retained Barry L. Proctor, Esq. to represent him. By order entered August 8, 2007, the Circuit Court substituted Proctor as counsel for Harrison and permitted McDaniel to withdraw from the case.

On March 11, 2008, Harrison entered pleas of guilty to both counts of the indictment, pursuant to a written plea agreement. Under the terms of the agreement, the Commonwealth agreed to recommend a total term of imprisonment of fifteen years with nine years suspended. By signing the plea agreement, Harrison certified that he understood the nature of the charges against him and the consequences of his pleas; that he had fully consulted with his attorney; that he had not been coerced, threatened, or promised anything in exchange for his pleas; that he was aware of the fact that he would be waiving his right to appeal by pleading guilty; and that he was satisfied with the services provided by his attorney. Harrison also filled out a written

questionnaire on which he affirmed, inter alia, that he understood the charges against him, that he was pleading guilty freely and voluntarily, and that he was satisfied with his attorney's representation.

During the plea hearing, Harrison testified that he had read and signed the plea agreement and the questionnaire. Harrison also testified that he understood both documents, and that the answers on the questionnaire were the same answers that he would have given under oath in open court. After the court accepted his pleas of guilty, Harrison was given the opportunity to address the court. Harrison stated that he "was guilty of [his] charge," that he "[couldn't] deny that fact," and that he wanted to "straighten up and get [himself] together." (Mar. 11, 2008 Tr. at 11-12). Consistent with the plea agreement, Harrison was sentenced to a total term of imprisonment of fifteen years with nine years suspended.

Harrison did not file a direct appeal. However, he later filed a petition for writ of habeas corpus in the Supreme Court of Virginia. That petition was dismissed on August 24, 2009.

On September 12, 2009, Harrison filed the instant petition pursuant to 28 U.S.C. § 2254. The petition asserts the following claims:

   A. Petitioner's counsel rendered ineffective assistance by failing to perform adequate legal and factual research and by failing to advise petitioner of his right to enter a conditional guilty plea pursuant to Virginia Code § 19.2-254, which would have preserved his right to appellate review of the trial court's denial of the suppression motion.

   B. Petitioner's guilty plea was unlawfully induced and invalid because his trial counsel provided ineffective assistance.

   C. Petitioner suffered prejudice from trial counsel's failure to advise him of his right to enter a conditional guilty plea.

   D. The police lacked probable cause or reasonable suspicion to detain the petitioner.

3

E. Petitioner's plea was incompetent because counsel failed to investigate facts that would have proven that the petitioner was illegally searched and seized.

F. Trial counsel was ineffective for failing to file a motion to suppress on the basis of insufficient chain of custody.

The respondent moved to dismiss the petition for writ of habeas corpus on December 17, 2009. On January 11, 2010, Harrison filed a motion for extension of time to respond to the motion to dismiss and a motion to amend his petition to include additional briefing. The court granted Harrison's motions, and the matter is now fully briefed and ripe for review.

## Standard of Review

Under 28 U.S.C. § 2254(b), a federal petitioner challenging a state court conviction or sentence must generally exhaust remedies available in the courts of the state in which he was convicted before seeking federal habeas review. 28 U.S.C. § 2254(b)(1). When a claim has been adjudicated on the merits in state court, a federal court owes considerable deference to the state court's decision with respect to that claim. Pursuant to § 2254(d), this court may grant habeas relief on a claim that was adjudicated on the merits in state court only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## Discussion

I. Claims A, B, E, and F

In claim A, Harrison alleges that his retained counsel rendered ineffective assistance by failing to adequately research the issues raised in the motion to suppress filed by Harrison's

previous counsel, and by failing to advise the petitioner that he could enter conditional guilty pleas that reserved his right to appeal the suppression issue. In claim B, Harrison alleges that his guilty pleas were unlawfully induced and invalid as a result of trial counsel's ineffective assistance. In claim E, Harrison alleges that his guilty pleas were incompetent, because counsel failed to investigate facts that would have proven that Harrison was illegally searched and seized. In claim F, Harrison alleges that trial counsel was ineffective for failing to file a motion challenging the chain of custody of the drugs recovered from the apartment and the vehicle in which Harrison was a passenger.

Harrison raised the same claims in his state habeas petition. In rejecting claims A, E, and F, the Supreme Court of Virginia emphasized that Harrison "failed to offer a valid reason why he should not be bound by his representation at trial and in his plea agreement and questionnaire that his counsel's performance was adequate." Harrison v. Dir. of the Dep't of Corr., Case No. 090639 (Va. Sup. Ct. Aug. 24, 2009) (citing Anderson v. Warden, 281 S.E.2d 885, 888 (1981)). Similarly, with respect to claim B, the Supreme Court emphasized that Harrison "failed to offer a valid reason why he should not be bound by his representation at trial that his guilty plea was voluntary," and that "there [was] no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary." Id. (citing Anderson, supra). Having reviewed the record, the court agrees with the respondent that the Supreme Court's decision with respect to these claims is entitled to deference under § 2254(d).

As previously summarized, Harrison filled out a written questionnaire before his guilty plea hearing, on which he affirmed that he understood the charges against him, that he had discussed with his attorney whether he should plead guilty or not guilty, that he was entering

pleas of guilty freely and voluntarily, and that he was entirely satisfied with the services provided by his attorney. Likewise, Harrison signed a written plea agreement, by which he certified that he had fully consulted with his attorney, that he was aware of all of the possible consequences of his pleas of guilty, and that he was fully satisfied with his attorney's representation. During the plea hearing, Harrison testified that he had read and signed the questionnaire and the plea agreement, that he understood both documents, and that the answers on the questionnaire were the same answers that he would have given in open court under oath.

While Harrison now alleges that his guilty pleas were incompetent and unlawfully induced, he has presented no evidence that suggests that his prior statements affirming the voluntariness of his guilty pleas were untruthful or involuntary. Likewise, Harrison has not pointed to any evidence that would undermine his prior statements regarding the sufficiency of his attorney's representation.[1] Consequently, Harrison is bound by his prior representations, and his claims contradicting those representations were properly rejected by the Supreme Court of Virginia. See Fields v. Atty. Gen. of Md., 956 F.2d 1290, 1299 (4th Cir. 1992) ("Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy.") (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)); see also Beck v. Angelone, 261 F.3d 377, 393-396 (4th Cir. 2001); Burket v. Angelone, 208 F.3d 172, 191 (4th Cir. 2000). Accordingly, claims A, B, E, and F are subject to dismissal.

---

[1] In his most recent brief, Harrison focuses primarily on the fact that his attorney failed to advise him that he could enter conditional pleas of guilty. As will be discussed infra, however, Harrison cannot establish that his attorney's performance in this regard was deficient or that he suffered any prejudice, since Harrison had no right to enter conditional pleas in the first place.

II.  Claim C

In claim C, Harrison alleges that he suffered prejudice from counsel's failure to advise him that he could enter conditional pleas of guilty. Harrison asserts that if he had entered conditional pleas, his right to appeal the adverse ruling on his suppression motion would have been preserved. Harrison raised the same claim in his state habeas petition. The Supreme Court of Virginia held that the claim failed to satisfy the two-part test for ineffective assistance enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). For the following reasons, the Supreme Court's decision is entitled to deference under § 2254(d).

To succeed on a claim of ineffective assistance, a petition must establish that counsel's performance was "deficient." Strickland, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, the petitioner must show that counsel's deficient performance prejudiced his defense. Id. To demonstrate prejudice, the petitioner generally "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

As the Supreme Court noted in its opinion on Harrison's state habeas petition, a defendant in Virginia does not have an unqualified right to enter a conditional plea of guilty that preserves the right to appeal a pretrial motion. Instead, Virginia Code § 19.2-254 requires "the approval of the court and the consent of the Commonwealth." Here, Harrison has neither proffered nor demonstrated that the trial court would have accepted a conditional guilty plea or that the Commonwealth would have consented to such plea. To the contrary, Jerry Allen Wolfe, Esq., the Commonwealth's Attorney for the City of Bristol, has averred that "[his] office would

7

not have, under the circumstances presented in Mr. Harrison's case, considered making any sort of conditional plea offer to Kevin Harrison." (Respondent's Ex. 2). Accordingly, Harrison cannot demonstrate that counsel's performance was deficient or that he suffered any prejudice as a result of counsel's alleged failure to advise him of the option of entering conditional pleas of guilty.[2] For these reasons, claim C must also be dismissed.

III. Claim D

In claim D, Harrison alleges that the police lacked probable cause or reasonable suspicion to detain him on the date that he was found in possession of narcotics. When Harrison raised the same claim during the state habeas proceedings, the Virginia Supreme Court held that the claim was barred under Peyton v. King, 169 S.E.2d 569, 571 (Va. 1969), in which the Court ruled that a voluntary and intelligent guilty plea waives all non-jurisdictional defects preceding the guilty plea.

The Supreme Court's decision with respect to this claim was not contrary to clearly established federal law or based on an unreasonable application of the facts. It is well-established that a valid guilty plea precludes habeas review of "independent claims relating to the

---

[2] The court notes that federal criminal defendants must also obtain "approval of the court and the consent of the government" before entering a conditional plea of guilty, Fed. R. Crim. P. 11(a)(2), and, thus, that "[c]riminal defendants have no right to enter a conditional plea" under federal law, United States v. Bundy, 392 F.3d 641, 647 (4th Cir. 2004). Consequently, courts applying federal law have held that "neither the district court nor the government has any obligation to advise the defendant of the availability of a conditional plea," United States v. Bell, 966 F.2d 914, 916 (5th Cir. 1992), and that "[t]he failure of [a] defendant's . . . attorney to seek a conditional plea agreement cannot be charged to attorney incompetence," United States v. Alvarez-Quiroga, 901 F.2d 1433, 1437 (7th Cir. 1990). See also United States v. Webb, 1997 U.S. App. LEXIS 19211, at *4 (10th Cir. Jul. 25, 1997) (emphasizing that the "attorney's failure to negotiate a conditional guilty plea reserving the right to appeal the suppression issue cannot be unreasonably deficient performance because Mr. Webb had no right to enter a conditional guilty plea in the first place," and that "the ability to obtain a conditional plea agreement was beyond Mr. Webb's attorney's control" since such plea requires approval of both the government and the court).

deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 266 (1973). Because it is clear from the record that Harrison's guilty pleas were knowing and voluntary, he has waived all antecedent non-jurisdictional defects, "including claims of unlawful search and seizure." United States v. DeVaughn, 73 F. App'x 627, 628 (4th Cir. 2003) (citing Tollett, supra). Accordingly, claim D is also subject to dismissal.

## Conclusion

For the reasons stated, the court will grant the respondent's motion to dismiss. Additionally, because the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the petitioner and counsel of record for respondent.

ENTER: This 4th day of June, 2010

_____
United States District Judge